IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                        Criminal No. 20-1231-WJ

RICKY ARNELL CHRISTIAN,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF CONFIDENTIAL SOURCE

**THIS MATTER** comes before the Court following on Defendant's Motion[1] for Disclosure of Identity of Confidential Source (**Doc. 57**), the United States' Response in Opposition (**Doc. 68**), and Defendant's Reply (**Doc. 141**). Upon review of the briefs and applicable law, the Court finds that the motion is not well-taken and must be **DENIED**.

### BACKGROUND

On February 26, 2020, agents with the Federal Bureau of Investigation and Albuquerque Police Department's ("APD") Gang unit executed a search warrant at Mr. Christian's residence (**Doc. 1 at 4**). Based upon evidence recovered during the search, an Indictment (**Doc. 23**) was filed on May 13, 2020, charging Mr. Christian with (1) conspiracy, (2) possession with intent to distribute 100 grams and more of heroin, (3) possession with intent to distribute 50 grams and

---

[1] At the outset, the Court notes that the instant pleadings were filed by previous counsel (**Docs. 11, 91, 138, 147, 148, 178**). During a status conference with current counsel, held on May 23, 2024 (**Doc. 182**), the parties agreed that this Motion could be resolved on the written pleadings—and that a hearing was not required. *See United States v. Mathews*, 928 F.3d 968, 978 (10th Cir. 2019) (explaining a hearing is not required when a motion only challenges questions of law). The parties also agreed that no additional briefing by new counsel was necessary. As such, briefing is complete; the motions have been adopted by current counsel; and the issue is ripe for review.

more of a mixture and substance containing methamphetamine, (4) possession with intent to distribute 28 grams and more of cocaine base, (5) possession with intent to distribute cocaine, (6) felon in possession, (7) possessing a firearm in furtherance of a drug trafficking crime, and (8) maintaining a drug-involved premises. Mr. Rickey Rodgers[2] was also charged in this Indictment.

A Superseding Indictment (**Doc. 133**) was filed on December 8, 2021, charging Mr. Christian—and Mr. Christian alone—with (1) conspiracy, (2) possession with intent to distribute 50 grams and more of methamphetamine, (3) possession with intent to distribute 100 grams and more of heroin, (4) possession with intent to distribute cocaine base, (5) possession with intent to distribute cocaine, (6) felon in possession, (7) possessing a firearm in furtherance of a drug trafficking crime, and (8) maintaining a drug-involved premises.

In part, the search warrant affidavit contained information from a confidential source (**Doc. 68 at 1; Doc. 141 at 1**). Defendant argues that the confidential source must be named and identified (**Doc. 57**) because that source is "the only direct evidence" for the drug trafficking charges. The Government disagrees—arguing the motion "misapprehend[s] the connection between the CS [confidential source] and the conduct charged in the indictment." **Doc. 68 at 1**.

### DISCUSSION

Defense counsel contends that the confidential source is of central importance (**Doc. 57 at 6**). But the United States "has no intention of calling the CS as a witness at trial." **Doc. 68 at 5**. Moreover, the United States explains that the possession charges in the Superseding Indictment are unrelated to the controlled buys undertaken by the confidential source (**Doc. 68 at 6 n.1**). Thus, despite defense counsel's claim that the confidential source is "an essential witness for the prosecution," **Doc. 57 at 6**, the Court concludes otherwise.

---

[2] Mr. Rodgers, the former co-Defendant, has since pleaded guilty and been sentenced (**Docs. 88 & 137**).

2

In truth, this as a straightforward "tipster" case—and disclosure is not required. *See, e.g., United States v. Zamora*, 784 F.2d 1025, 1030 (10th Cir. 1986) (stating the disclosure of a "tipster" is not required); *United States v. Moralez*, 908 F.2d 565, 568 (10th Cir. 1990) (same); *United States v. Martinez*, 979 F.2d 1424, 1426 (10th Cir. 1992) (same); *United States v. Gordon*, 173 F.3d 791, 768 (10th Cir. 1999) (same); *United States v. Long*, 774 F.3d 653, 663 (10th Cir. 2014) (same).

**I. No Disclosure is Required Under *Brady* or *Giglio***

For starters, the Court fails to comprehend how the requested disclosure is required under either *Brady v. Maryland*, 373 U.S. 83 (1963) or *Giglio v. United States*, 405 U.S. 150 (1972). *See* **Doc. 57 at 1 & 6**. The Government is correct—*Brady* and *Giglio* apply to "government witness[es]," **Doc. 68 at 5**, but not non-testifying informants. *See United States v. Green*, 178 F.3d 1099, 1109 (10th Cir. 1999) (rejecting theory that *Brady* and *Giglio* require disclosure of impeachment information about a non-testifying informant); *see also United States v. Young*, No. 22-cr-1582, 2024 U.S. Dist. LEXIS 49629 (D.N.M. Mar. 20, 2024).

The Supreme Court cases cited by defense counsel do not provide Defendant with "carte blanche discovery." **Doc. 68 at 5**. Indeed, "[t]he Constitution does not grant criminal defendants the right to embark on a broad or blind fishing expedition among documents possessed by the Government." *United States v. Mayes*, 917 F.2d 457, 461 (10th Cir. 1990) (cleaned up). To the extent that Defendant seeks pretrial disclosure of the United States' witnesses, his request is denied—as this is a non-capital case, so Mr. Christian enjoys no generalized right to the identities of prospective witnesses. *See United States v. Bullcoming*, 22 F.4th 883, 889 (10th Cir. 2022) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).

This aspect of Defendant's motion is without merit.

**II. No Disclosure is Required Under *Roviaro***

Next, Defendant cites to case law discussing when the identity of confidential sources must be disclosed. **Doc. 57 at 4–6**. The Government counters—highlighting the United States' "privilege to withhold from disclosure the identity of persons who furnish law enforcement officers with information on criminal acts." **Doc. 68 at 4** (citing *United States v. Mendoza-Salgado*, 964 F.2d 993, 1000 (10th Cir. 1992)).

First, the Court looks to *Roviaro v. United States*, 353 U.S. 53 (1957). In this case, the Supreme Court announced there is "no fixed rule with respect to disclosure." *Id.* at 62. Instead, a district court should balance "crime charged, the possible defenses, the possible significance of the informer's testimony" as well as other relevant factors. *Id*. In this decision, the *Roviaro* Court explained there is a strong public interest in furthering effective law enforcement—and noted that the Government may withhold the disclosure of confidential sources. *Id.* at 59.

Having established what the *Roviaro* factors are, the Court must now apply them.

Here, the confidential source only helped establish probable cause for the search warrant (**Doc. 57 at 4; Doc. 68 at 1 & 12; Doc. 141 at 1**). The confidential source "was not present when law enforcement executed the warrant." **Doc. 68 at 1**. In fact, the controlled buys are not the "crime charged" in the Indictment (or Superseding Indictment). ***Id*. at 6 n.1**. The charges pending are based upon the contraband seized during the search—as well as "admissions made by Mr. Christian, and text messages from Mr. Christian's cell phone." ***Ibid.*** And, as mentioned above, the Tenth Circuit has stated *ad nauseam*, "disclosure is rarely necessary when, as here, the informant's role was only as a tipster who provided probable cause for a search." *Long*, 774 F.3d at 663; *Moralez*, 908 F.2d at 568.

The generalized and nonspecific "need" proffered by defense counsel is insufficient to warrant disclosure. *See United States v. Scafe*, 822 F.2d 928, 933 (10th Cir. 1987) ("In applying the *Roviaro* standard, this court has held that mere speculation about the usefulness of an informant's testimony is not sufficient"). The Defendant bears a heavy burden to overcome the presumption of confidentiality, *United States v. Cartagena*, 593 F.3d 104, 112–113 (1st Cir. 2010), which cannot be overcome by simply providing information for the use in a search warrant. *United States v. Bell*, 901 F.3d 455, 466 (4th Cir. 2018) (Niemeyer, J.).

The Court finds this is not a case requiring the disclosure of the confidential source's identity. The Defendant's need for information (to the extent one has been articulated)[3] does not outweigh the United States' need to protect its source. Again, the confidential source is not being called as a witness. *See Banks v. Dretke*, 540 U.S. 668, 697 (2004) ("The issue of evidentiary law

---

[3] To begin, the Court notes that the specific "possible defenses" were raised for the first time in defense counsel's Reply brief (**Doc. 141 at 3**). Each possible defense is premised upon the notion that "Mr. Christian denies any knowledge of the drugs and firearms that were recovered during the search warrant." **Doc. 141 at 3**. But this does not appear to be an accurate recitation of the facts. The United States explains (in no uncertain terms) that Mr. Christian admitted to engaging in drug trafficking and that his cell phone contained a plethora of corroborating evidence (**Doc. 68 at 2**). This undermines the weight given to this *Roviaro* factor, as explained below.
   First, the pleadings seem to allege the confidential source is the only eyewitness (**Doc. 57 at 6; Doc. 141 at 3**). But as mentioned, the confidential source is ***not*** an eyewitness to the crimes charged—instead, the source was only an eyewitness to other uncharged bad acts.
   Second, the DNA argument is unavailing (**Doc. 141 at 3**) because the United States does not have to prove possession of the firearm with DNA evidence. In fact, possession can be proved wholly through circumstantial evidence. *See United States v. Stepp*, 89 F.4th 826, 832–33 (10th Cir. 2023). Here, though, Mr. Christian admitted that he owned the vehicles and lived at the residence—the two locations where the contraband was found. Thus, any possibility that the confidential source's DNA is on the firearm does not negate whether Mr. Christian actually, or constructively, possessed it. *See United States v. Johnson*, 46 F.4th 1183, 1187 (10th Cir. 2022) (explaining when "the evidence of actual possession . . . is sufficiently strong," it overcomes any error with respect to constructive possession).
   Finally, the Court is not persuaded that revealing the confidential source's identity is necessary to allow Mr. Christian to put on a defense that "numerous people had access to both the apartment and the vehicles." **Doc. 141 at 3**. For much the same reasons that the DNA argument is unmoving, so too is the accessibility argument. Mr. Christian admitted to owning the vehicles and residing in the apartment (**Doc. 68 at 2**). The dates of the controlled buys are not charged—so this sought after testimony is inadmissible character evidence. *See* Fed. R. Evid. 401 & 404; *see also United States v. Fiumano*, No. 14-cr-518, 2016 U.S. Dist. LEXIS 54862, at *22 (S.D.N.Y. Apr. 25, 2016) ("A defendant charged with robbing a bank in Manhattan on April 22 cannot offer as evidence to disprove the charged crime that he did not rob the bank's branches in Brooklyn or the Bronx on April 22 or that he did not rob the Manhattan branch on April 20, 21, 23, and 24, because this evidence is irrelevant to the charge that he robbed the Manhattan bank on April 22."). *Roviaro* does not support disclosing a source's identity because he "may corroborate Mr. Christian's defense" **Doc. 141 at 3**, from a potential witness without direct knowledge.

in *Roviaro* was whether (or when) the Government is obliged to reveal the identity of an undercover informer the Government does *not* call as a trial witness."). Thus, the several lines of argument about the need to "impeach" the confidential source are misplaced (**Doc. 57 at 7–11**). Without the "direct connection, either as a participant or an eyewitness, to the crime charged," *United States v. Gaston*, 357 F.3d 77, 84–85 (D.C. Cir. 2004), disclosure is not warranted. "Mere speculation about the usefulness of an informant's testimony is not sufficient to warrant disclosure." *United States v. Brantley*, 986 F.2d 379, 383 (10th Cir. 1993) (citation omitted).

## CONCLUSION

For the reasons stated above, Defendant's Motion for Disclosure of Identity of Confidential Source (**Doc. 57**) must be **DENIED**.

**IT IS SO ORDERED**.

                                                                              /s/
                                                                      WILLIAM P. JOHNSON
                                                                      CHIEF UNITED STATES DISTRICT JUDGE